[Civ. No. 2987. Third Appellate District.—April 9, 1925.]

## BERT ALTAMIRANO, Appellant, v. LOUIS CHEO, Respondent.

[1] PARTNERSHIP—ACCOUNTING—AGREEMENT OF SETTLEMENT BY PART- NERS—FAIRNESS OF—FINDINGS—EVIDENCE.—In this action by one partner against another for an accounting, plaintiff's claim being that no settlement of the partnership affairs was agreed to by him, the evidence is ample to support the findings of the trial court upon the theory that the partners made a complete settle- ment of the partnership affairs among themselves, as well as upon the theory that the settlement was just and fair.

[2] ID.—AGREEMENT OF SETTLEMENT—FRAUD—MISTAKE.—An agree- ment between partners by which they settle their partnership affairs may be set aside for fraud or mistake.

[3] ID. — DISPOSITION OF SUMMER-FALLOW — CONTRACTS — EVIDENCE— PROVINCE OF TRIAL COURT.—In such action, the evidence being in conflict as to the agreement of the partners as to the disposition of the summer-fallow of the land leased by the partnership, the determination of the conflict in the evidence was for the trial court.

[4] ID.—ACCOUNTING—LEASES—GOOD FAITH.—In such action, where the lease to the partners was for a single cropping season, and any plowing left on the land at the end of the term became the property of the landlord, and if, as stated by the defendant, the owner retook possession and the defendant thereafter, in the succeeding year, in good faith, took a lease of the land and farmed it, without having agreed with the plaintiff and a third partner to do so or to pay for the plowing or divide the profits,

---

2. See 20 R. C. L. 1025; 20 Cal. Jur. 820.

he was not under obligation to account to them for the value of the plowing or for a part of the crops raised on the land; and the question of his good faith was for the trial court.

(1) 4 **C. J.**, p. 876, n. 78.    (2) 30 **Cyc.**, p. 703, n. 35.    (3) 4 **C. J.**, p. 883, n. 33.    (4) 30 **Cyc.**, p. 689, n. 35.

APPEAL from a judgment of the Superior Court of San Joaquin County. C. W. Miller, Judge. Affirmed.

The facts are stated in the opinion of the court.

L. L. Steele for Appellant.

Joseph D. Malloy for Respondent.

FINCH, P. J.—This is an action for an accounting. The defendant was given judgment for costs of suit and the plaintiff has appealed.

The defendant is a farmer and for a number of years the plaintiff and Joe Youritch were in defendant's employ as farmhands. In the fall of 1921 the three men rented 600 acres of land in San Joaquin County for the cropping season of the following year, and during the term of the lease they farmed the same under an oral agreement to the effect that defendant would furnish the required machinery, implements, and equipment and plaintiff and Youritch would do the necessary work in the production of crops, the profits to be divided equally. The defendant was to advance whatever money was necessary to conduct the farming operations and to be reimbursed, without interest, out of the proceeds of the crops. According to defendant's testimony, he received from the sale of farm products the following amounts: Hay, $917.58; barley, $1,271.11; and stubble, $180. There remained in his possession 1,750 sacks of wheat belonging to the partnership. He expended in behalf of the enterprise the sum of $4,721.98. The plaintiff paid certain partnership expenses and during the year received $150 from the defendant on account thereof.

November 10, 1922, the three men met together to adjust their partnership affairs. The defendant and Youritch testified that the former there presented a complete written statement of his receipts and disbursements and that the plaintiff

agreed to all the items thereof. The plaintiff and Youritch sold their interest in the wheat on hand to the defendant at what was stipulated at the trial to be the market price thereof. The net profits were then computed upon the basis of the foregoing receipts and disbursements, taking into consideration the amount defendant agreed to pay for the wheat. The defendant thereupon gave checks to plaintiff and Youritch for their respective shares of such profits. They cashed their checks and departed shortly after the settlement, the defendant going to Oakland and Youritch to Los Angeles. "Some two or three weeks afterwards" the plaintiff called upon defendant and demanded a further adjustment of the partnership affairs, but the defendant refused to accede to the demand. The defendant testified that the adjustment of November 10th was a complete settlement of the partnership affairs, except as to ninety acres of summer-fallow plowing which will be later considered; that "everybody was satisfied"; that plaintiff "was afraid I was giving him too much money on the settlement." Youritch also testified that the parties made a complete settlement of the partnership affairs. Material parts of the foregoing testimony were contradicted by the plaintiff. He testified that at the time of the settlement he said to defendant, "I had forgot a book I had at home. . . . 'If you wait a few days longer I will get that book; we will come up and we will straighten the matter out.' He says, 'All right, . . . any time you want to, come up here' "; that the defendant desired to settle for the amount he paid plaintiff "and I wouldn't stand for it." Youritch testified that at the time of the settlement the plaintiff said he forgot his book, "but he says he don't think the bills run over a hundred dollars; he says 'you put in a hundred dollars for my expenses, that be O. K.' . . . He said he forgot his books, but he could come close; he said he guessed a hundred dollars, he don't think it is any more than a hundred dollars, about a hundred dollars." At the trial the plaintiff testified that he had paid out $315.70 toward the expenses of the partnership. The defendant testified that the plaintiff paid out only $125 toward the expenses and that the defendant repaid that sum in the aforesaid $150 admittedly paid to plaintiff prior to the settlement. While the determination of the conflict in the testimony was for the trial court, it may be observed that there is one feature of the settlement which

tends strongly to support the conclusion reached by the court. There is no claim that Youritch had paid any part of the expenses of the enterprise. Yet the proceeds of the venture, after deducting the expenses thereof paid by defendant, were divided equally among the three partners. If the plaintiff was entitled to reimbursement for the expenditures which he now claims to have made, then the amount thereof should have been deducted from the proceeds before division, and it would follow that the defendant paid Youritch more than his just share. It is not probable that the defendant would have made such payment to Youritch if the parties understood that the plaintiff was to be further reimbursed by defendant. There is a conflict in the evidence as to whether the expenditures made by the defendant are reasonable in amount, but the trial court's determination thereof is conclusive on appeal. [1] The evidence is ample to support the findings of the court upon the theory that the partners made a complete settlement of the partnership affairs among themselves, as well as upon the theory that the settlement was just and fair, although, as pointed out, there is evidence upon which contrary findings could have been made. [2] An agreement between partners by which they settle their partnership affairs may be set aside for fraud or mistake, but the plaintiff made no attempt to prove either fraud or mistake, his claim being that no settlement was agreed to by him.

The parties summer-fallowed ninety acres of land on which no crop was raised, the land apparently being too wet to plow until it was too late to raise a crop thereon. Plaintiff testified that it was agreed that "if the ranch had been rented out to some outsider he (defendant) was to sell that summer-fallow to them, and whatever he got for the summer-fallow was to be divided between the three of us, and if it was not that he was to put it in the coming year and we were to divide that." The defendant testified that he did not agree to farm the ninety acres the following year, but that he said, "I will try to sell this off, if I can sell it we will divide the profit"; that "I tried to sell it, and I couldn't sell it to no one"; that the owner "took the land back and rented her to me again after the first of the year." Defendant's testimony in this respect is corroborated by that of Youritch. [3] Here again the determination of the con-

flict in the evidence was for the trial court. [4] The lease to the partners was for a single cropping season. Any plowing left on the land at the end of the term became the property of the landlord. If, as stated by defendant, the. owner retook possession and the defendant thereafter, in the succeeding year, in good faith, took a lease of the land and farmed it, without having agreed with the plaintiff and Youritch to do so or to pay for the plowing or divide the profits, he was not under obligation to account to them for the value of the plowing or for a part of the crops raised on the land. The question of his good faith was for the trial court.

The judgment is affirmed.

Plummer, J., and Hart, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 8, 1925.